■ PEARL G. NEWMAN et al., Appellants, v NORMAN ORENTREICH, Respondent.—Order, Supreme Court, New York County (Helen Freedman, J.), entered on or about August 4, 1989, which granted defendant's motion pursuant to CPLR 3211 (a) (5) and dismissed complaint as time barred, and order of the same court entered on or about January 18, 1990, which granted plaintiff Pearl Grossman Newman's motion for renewal and reargument and adhered to the original decision, unanimously affirmed, without costs.

Plaintiff Pearl Newman received a series of silicone injections to her face for treatment of acne scars and the effects of aging. The series of injections was completed in 1977. Mrs. Newman returned to the defendant in 1983, complaining that a plastic surgeon had advised her that the silicone in her face could not be removed, and complaining that the injections had disfigured her. She commenced this action by service on the defendant in December of 1985.

The IAS court properly concluded that all of the plaintiffs' causes of action are time barred. The "continuous treatment" doctrine *(McDermott v Torre,* 56 NY2d 399) is not applicable, since there is no indication that the physician and patient contemplated the patient's uninterrupted reliance on the physician's observation, directions, concern and responsibility of overseeing the patient's progress *(cf., Massie v Crawford,* 160 AD2d 447, 449, *appeal dismissed* 76 NY2d 851). The cause of action for fraud is time barred, even under the two-year Statute of Limitations based on discovery (CPLR 203 [f]). The record shows that the plaintiffs discovered the silicone no later than June 1983, more than two years prior to service on the defendant.

We have reviewed the plaintiffs' remaining arguments, and find them to be without merit. Concur—Carro, J. P., Wallach, Asch and Rubin, JJ.